**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT PADUCAH**
**CIVIL ACTION NO. 5:05-CV-P31-R**

**IDELLA CANDICE THOMPSON**                                              **PLAINTIFF**

v.

**CLIFF GILL, et al.**                                                              **DEFENDANTS**

**MEMORANDUM OPINION**

This matter is before the Court for screening, pursuant to 28 U.S.C. § 1915A. Plaintiff, Idella Candice Thompson, *pro se*, seeks compensatory and punitive damages, under 42 U.S.C. § 1983, from the warden and three officers of the McCracken County Regional Jail, in their official and individual capacities. Plaintiff alleges she has received inadequate medical care and has suffered retaliation and racial discrimination, in violation of her federal rights. The Court will dismiss the petition for failure to state a claim on which relief may be granted.

**I.**

When a prisoner commences a civil action against a government entity, officer, or employee, the district court must review the complaint, before service of process on the defendants, to identify "cognizable claims" and to dismiss any portion of the complaint if it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

The district court must liberally construe the allegations in a light most favorable to the plaintiff and accept all factual allegations as true. *Prater v. City of Burnside*, 289 F.3d 417, 424 (6th Cir. 2002). The district court better serves "substantial justice" by examining the "thrust, not just the text," of *pro se* litigants' allegations. *Burton v. Jones*, 321 F.3d 569, 573-74 (6th Cir.

2003).  Although the court holds *pro se* pleadings to a less stringent standard than formal pleadings drafted by lawyers, the district court is under no duty to conjure up unpled allegations.  *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)); *see also Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir. 1991).

   A complaint fails to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.  *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).  The complaint must contain more than bare legal conclusions.  *Lillard v. Shelby County Board of Education*, 76 F.3d 716, 726 (6th Cir. 1996).  The complaint must contain "either direct or inferential allegations respecting all the material elements to sustain a recovery under *some* viable legal theory."  *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir. 1988).

## II.

   Plaintiff alleges she received inadequate medical treatment while incarcerated in the McCracken County Jail.  According to the complaint, Plaintiff sustained personal injuries, including back and neck spasms, anxiety attacks, and exacerbation of migraine headaches, in a motor vehicle accident, incident to her arrest.  She alleges she has received only over the counter medication for pain.  Plaintiff states she has received some medical care, including a physician appointment and prescription for Prozac, but only with persistence and after much delay.  She alleges she has filed numerous medical requests and grievances to no avail.

   Plaintiff further states she was placed in isolation for no reason.  Plaintiff explains that a white inmate accused her, a black woman, of threatening language, and that without any investigation, officials placed her in isolation.  Plaintiff states she believes she was so treated

because of her race.  Plaintiff states that in response to a grievance, Warden Gill stated she was placed in isolation because of her medical status.  Without providing specifics, Plaintiff also alleges she has feared for her life, stating there are no witnesses around.  Plaintiff also states that she was refused on several occasions the ability to call her attorney.

Plaintiff names as Defendants: Cliff Gill, Warden; Cheryal Tyler, Deputy Jailer; Bill Adams, Supervisor; Cathy Arnold, Nurse.  Plaintiff seeks compensatory and punitive damages.

Since filing this action, Plaintiff has been transferred to the Christian County Jail.  Plaintiff has repeatedly requested the Court to refund the $250 filing fee, already paid in full, and has stated she does not wish to proceed with this action.  (Notice of Change of Address, filed July 15, 2005.)

### III.

Plaintiff misunderstands basic procedure, understandably so, given her lack of legal training.  Under the Federal Rules of Civil Procedure ("F.R.C.P."), a suit begins by filing a complaint in the Clerk's Office of the Court.  F.R.C.P. 3.  The Clerk assigns it a civil action number.  A filing fee is due, in full, at the time of filing the complaint, except in some circumstances, a prisoner may pay the fee in instalments.  The fee is non-refundable.  *McGore*, 114 F.3d at 608.

Generally, a plaintiff may voluntarily dismiss an action without order of court by filing a notice of dismissal at any time before an adverse party answers the complaint.  F.R.C.P. 41(a).  Plaintiff has not filed a paper, or pleading, that the Court can construe as a notice of dismissal.  Plaintiff states that if she cannot recover the filing fee, the Court should "go ahead and proceed" with this action.  (Notice of Change of Address, entered April 29, 2005.)  Later, Plaintiff states

her wish not to proceed, but again, the import of the letter is that she does not wish to proceed if she can recover the filing fee.

The Court will therefore screen the complaint, as required under § 1915A.

### IV.

Congress enacted § 1983 to create a civil remedy for individuals who have suffered injury at the hands of government officials acting in violation of federal law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983, itself, creates no substantive rights but, rather, affords a remedy to rights established elsewhere. *Albright v. Oliver*, 510 U.S. 266, 271 (1994); *Graham v. Connor*, 490 U.S. 386, 393-94 (1989); *Flint v. Kentucky Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). Section 1983 states, "Every person who, under color of [law], subjects ... any [person] to the deprivation of any rights ... secured by the Constitution and laws, shall be liable to the party injured ... ." 42 U.S.C. § 1983.

### A. Official Capacity Claims

Plaintiff sues Defendants in their official capacities. Pleading official capacity is another way of pleading suit against the entity of which the defendant is an agent, official, or employee, and the pleader may recover damages against the entity rather than the personal assets of the individual. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). Defendants are employees, agents, or officers of the McCracken County Jail. The official-capacity claims are, therefore, claims against McCracken County Government.

A municipal corporation or local government is a "person" within the meaning of § 1983, based on the statute's legislative history. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658 (1978); *Holloway v. Brush*, 220 F.3d 767, 772 (6th Cir. 2000). To recover damages

against a county government, however, a plaintiff must allege an official policy or custom caused a violation of the plaintiff's federal rights; municipal liability arises not merely from the actions of its agents, employees, or officials. *Monell,* 436 U.S. at 658; *Holloway*, 220 F.3d at 772. "[A] governmental entity is liable under § 1983 only when the entity itself is a 'moving force' behind the deprivation; thus, in an official-capacity suit the entity's 'policy' or 'custom' must have played a part in the violation of federal law." *Graham*, 473 U.S. at 166 (citing *Monell,* 436 U.S. at 658)). It suffices to allege, in the complaint, that an individual officer's conduct conformed to official policy or custom. *Leatherman v. Tarrant Co. Narcotics Unit*, 507 U.S. 163, 165 (1993).

Here, the complaint contains no allegations that jail officials or employees acted in conformance with an unconstitutional policy or custom of county government. There are no allegations from which the Court may infer that a county policy or custom was responsible for the alleged deprivation of Plaintiff's constitutional rights. The complaint simply contains no set of facts to support of a § 1983 claim against Defendants in their official capacities.

The Court will therefore dismiss the official-capacity claims against Defendants, for failure to state a claim on which relief may be granted.

## B.  Individual Capacity Claims

The Court's duty to construe *pro se* complaints liberally does not absolve a plaintiff of the duty to comply with the Federal Rules of Civil Procedure by providing the defendant with fair notice of the basis of a claim. *Sweikiewicz v. Sorema*, 534 U.S. 506, 514 (2002). To state a claim for relief, the plaintiff must allege how a defendant was personally involved in the acts about which the plaintiff complains. *Rizzo v. Goode*, 423 U.S. 362, 375 (1976). "It is not

5

enough for a complaint ... to contain mere conclusory allegations of unconstitutional conduct by persons acting under color of state law. Some factual basis for such claims must be set forth in the pleadings." *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). This means the plaintiff must "allege 'with particularity' all material facts to be relied upon when asserting that a governmental official has violated a constitutional right." *Terrrance v. Northville Reg'l Psychiatric Hosp.,* 286 F.3d 834 (6th Cir. 2002). The Court is not required to accept non-specific factual allegations and inferences or unwarranted legal conclusions. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001); *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987).

The claims of retaliation and discrimination are conclusory. There are no factual allegations linking the alleged misconduct with a specific defendant. The complaint likewise contains insufficient allegations of constitutionally inadequate medical care. There are no facts alleged to support how each Defendant denied, delayed, or interfered with Plaintiff's medical treatment. There are no allegations to support the inference that any Defendant acted with deliberate indifference to a serious medical need. Because the complaint lacks the requisite detail, the Court will dismiss all individual-capacity claims, for failure to state a claim on which relief may be granted.

The Court will enter an order consistent with this Memorandum.

Dated:

cc:     Plaintiff, *pro se*
        Defendants
        McCracken County Attorney

4413.007